## DAVY v. FIELD.

### September, 1866.

Where a sheriff, acting under numerous attachments against the same debtor, makes successive collections and sales, the statute of limitations does not begin to run against one of the attaching creditors the moment the sheriff has collected enough to satisfy the first process. The fund so received may be regarded as single and entire, and it may be regarded as the right and duty of the sheriff, in such cases, to retain the fund until the whole is collected, and conflicting claims of priority are determined.*

Jeremiah Davy sued Seth H. Field in the supreme court, on a cause of action stated in the opinion. Plaintiff had judg-

---

* The provision of the Code which prescribes the limitation relied on in this case, was in effect modified by 2 L. 1871, p. 1694, c. 733, § 2, which fixes one year as the limit for all actions against a sheriff on any liability incurred by the doing of an act in his official capacity, and in virtue of his office, or by the omission of an official duty, except nonpayment of money collected on execution.

ment, which was affirmed by the court at general term. Defendant appealed to this court.

*J. H. Reynolds,* for defendant, appellant.

*De Witt C. Bates,* for plaintiff, respondent.

WRIGHT, J.—The facts upon which any question arises were undisputed, and are these, in substance: In March, 1852, five parties, one being the plaintiff, commenced actions in the supreme court, against Benjamin Barrett, an absconding debtor. Warrants to attach Barrett's property were duly issued in each of the cases, by a justice of the supreme court, and delivered to the defendant, as sheriff of the county of Otsego. In the order in which they were received by the defendant, the attachment obtained by the plaintiff was the last of the series.

On the day of their reception, the defendant attached certain of Barrett's property, consisting of real and personal estate, liable to be sold under execution, and notes, book accounts, and other choses in action. Some months afterward, he sold, as perishable, a portion of the property so seized, the proceeds of such sale amounting to one thousand four hundred and forty-one dollars and forty-one cents.

In June, 1852, the attaching creditors obtained judgments, four of them (amounting in the aggregate to four thousand four hundred and eighty-eight dollars and four cents) being prior, in their liens upon the attached property, to the plaintiff's judgment, by reason of the prior attachments. The plaintiff's judgment was docketed for the sum of four hundred and fifty-six dollars and forty-one cents. Executions were issued to the defendant upon all the judgments; and at different periods, in the months of July, August and October, he sold all of the property seized, liable to be sold under execution. The proceeds of these sales footed at three thousand two hundred dollars and ninety-five cents. There was, therefore, realized from the sales of property which could by law be sold under execution, the sum of four thousand six hundred and fifteen dollars. The total of the judgments prior in lien to that of the plaintiff, with accumulated interest, and the defendant's fees on the at-

tachments and executions, was in excess of this amount, leaving nothing of the proceeds of those sales to reach and satisfy the plaintiff's execution; and the defendant returned such execution wholly unsatisfied, in November, 1852. Of the notes and other choses in action, seized or attached, and which could not be sold under execution, it appeared that the defendant collected to the amount of nine hundred and eighteen dollars and twenty-six cents. A part of the money he had in his hands (perhaps six hundred and fifty dollars), before June, 1853. He continued to make collections until May, 1854, when, by an order of the court, he sold at public auction all the notes, and other choses in action attached, remaining uncollected. The proceeds of this sale were five hundred and twenty-eight dollars and thirty-two cents; making a total, of moneys that had come to his hands in June, 1854, from collections and sales of the notes and other choses in action seized or attached, of one thousand four hundred and forty-six dollars, and much more than enough to satisfy any deficit of prior liens and the plaintiff's judgment.

Soon after the sale of the notes and choses in action, and the proceeds thereof had come into the defendant's hands, application was made to him by the plaintiff to pay over the money to satisfy his judgment. This he promised, from time to time, to do, until April, 1856, when the plaintiff formally demanded the money on his attachment in the case, presenting to him, at the time of demand, a transcript of his judgment. He replied then that it should be settled; but, doing nothing in the way of settlement, and continuing to retain the money, this action was commenced in the early part of June, 1856.

Upon this state of facts there was certainly no defense, unless the one attempted was available, viz: that the statute of limitations provided by section 92 of the Code of Procedure, was a bar to the action.

That section provides that an action against a sheriff, for any liability incurred by him, by the doing of an act, in his official capacity, or by the omission of an official duty, including the non-payment of money collected upon an execution, shall be commenced within three years after the cause of action accrues.

Davy *v*. Field.

It is to be assumed (as the judge denied a request to go to the jury on the question), that the defendant had, by June 1, 1853, converted into money, by collection of choses in action, and sales of perishable property, and by sales upon execution, enough of the property attached, to satisfy the four judgments older than the plaintiff's, and also the plaintiff's judgment. The plaintiff's action was not commenced until June 5, 1856; and it is claimed that, as more than three years elapsed between the receipt by the defendant of sufficient money to pay prior liens and the plaintiff's judgment, and the commencement of the action, the action was barred by the statute. The argument is, that, the sheriff having collected sufficient money, by virtue of the attachments, by June 1, 1853, to discharge prior liens and pay the plaintiff's judgment, it was his duty to pay it over, and the plaintiff had an action for it at once and without demand; and the moment the plaintiff's right of action accrued, the statute of limitations began to run. Hence, the right of action accrued in this case more than three years before the commencement of the action.

I am not prepared to adopt the view that there was any bar, even upon the concession that the three years' limitation applied to the case, of which I have great doubt. The money that came to the hands of the defendant from property attached liable to be sold on execution, which consisted of that which was perishable, and what in fact was sold on execution, was insufficient to satisfy the four judgments older than the plaintiff's, and the defendant's fees on the attachments and executions older than his. These moneys were legally applicable to the payment of the judgments and executions older than the plaintiff's judgment; and there was, therefore, no part of the moneys derived from sales of the attached property that an execution would reach, applicable to the satisfaction thereof. The defendant, however, by collections and sales, by order of the judge issuing the attachments, of the notes and other choses in action attached, was shown to have received over the sum of one thousand four hundred dollars; and it was not questioned that when the action was brought he had sufficient of these moneys in his hands to satisfy the plaintiff's judgment.

But a portion of the moneys was collected prior to June,

1853, which, with those realized from sales of the attached property on execution, was sufficient, at that date, to satisfy the four judgments prior to the plaintiff's and the plaintiff's also; and, this being so, it is claimed to have been the duty of the sheriff to pay the plaintiff his money at once, and, omitting to do so, an action accrued to the plaintiff against him. I cannot agree to this conclusion; but am of the opinion that, if the three years' limitation applies to the case, and it is to be held that the non-payment of this money, viz: the avails of the notes and choses in action attached, is an omission, the same as the non-payment of money collected on executions, the action was brought in time. The notes, accounts and evidences of debt constituted a single fund, out of which the defendant was bound to pay the judgments in their order, until the whole fund was exhausted. A fund realized by virtue of attachments, out of property which cannot be sold on execution, is as much a single fund as the amount of money coming into the hands of a receiver from the avails of a judgment debtor's property. In such cases numerous questions are liable to occur affecting the priority of liens, or even the validity of an attachment or a judgment; and the sheriff not only has the right, I think, but *it is his duty, to retain in his hands the funds* until the whole should be collected and conflicting claims determined. The notes and choses in action attached constituting but a single fund or security for the attaching creditors, the statute of limitations did not begin to run the moment the defendant had collected enough therefrom to satisfy the first judgment or execution. The statute invoked, therefore, was no bar to the plaintiff's action.

I fully concur in expression with the judge of the court below, that, before the defendant, as a public officer, should be permitted to retain in his pocket, moneys which his duty required him to pay over to the plaintiff, he should be able to show a clear defense, or, in other words, he must bring himself within the statute. In my opinion, he has failed to do so in this case.

The judgment should be affirmed.

All the judges concurred.

Judgment affirmed, with costs.